UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Cause No.: 4:22CR298 SRC/SPM** |
| v. ) | |
| ) | |
| ) | |
| **ANTHONY "TONY" WEAVER, SR.,** ) | |
| ) | |
| **Defendant.** ) | |

### SENTENCING MEMORANDUM

### I.   BACKGROUND

On October 21, 2022, Mr. Weaver pled guilty to a four count indictment. Counts 1-4 each charged Wire Fraud in Violation of 18 U.S.C. § 1343. Anthony L. Weaver was born on April 3, 1959, in St. Louis, MO. Mr. Weaver's parents Allie Weaver and Joe Weaver remained married until Joe Weaver passed in 2014. Although my client's parents remained married for many years, there were numerous difficulties and challenges within their marriage. Anthony's father, Joe Weaver, was an alcoholic and drank heavily especially during the weekends. Joe Weaver would come home intoxicated and become physically abusive toward his wife. Unfortunately, Anthony often times observed said abuse. Additionally, Anthony's parents sometimes struggled to cloth their four children.

### II.   PHYSICAL CONDITION

Mr. Weaver does have significant health challenges. Mr. Weaver has been diagnosed with prostate cancer. Additionally, he suffers from diabetes and high blood pressure.

### III.   EDUCATION AND EMPLOYEMENT

In addition to earning an associates degree in business from St. Louis Community College, Mr. Weaver also earned a bachelor's degree in business from Columbia College in 1989. Mr. Weaver has a desire to further his education by becoming a real estate agent. Mr. Weaver has an excellent work record. Per the Presentence Investigation Report he has worked in numerous managerial roles for various employers. In fact, Mr. Weaver has never experienced a period of unemployment.

### IV.   SENTENCING

The Government believed the defendant qualified for a two-level enhancement Pursuant to USSG § 3B1.3 because the defendant allegedly abused a position of public or private trust or

used a special skill in a manner that significantly facilitated the commission or concealment of the offense(s). However, U.S. Probation has a different view and states, "it does not appear that the Defendant held a position of public or private trust characterized by professional or managerial discretion. At the time of the instant offense, the Defendant was no longer working in an official capacity as an Executive Assistant to Jane Doe and would have needed to rely on his prior working relationship as well as his personal relationship with her to influence her recommendation for recipients of SBR grant funds. As a result, no two-level enhancement was applied." The defense agrees with U.S. Probation, Mr. Weaver did not abuse a position of public or private trust or use a special skill in a manner that significantly facilitated that commission or concealment of the offense(s). In support of this position the Defense states the following:

1. At the time of said offense(s) Defendant was not employed by Council-Woman Jane Doe.
2. There is no evidence that the Defendant ever talked with Jane Doe or anyone in her office for the purpose of trying to obtain the SBR grant funds for John Smith.
3. John Smith was not induced to utilize my client's service because my client previously worked for Council-Woman Jane Doe. On contrary, John Smith was a government informant who was simply attempting to limit his own criminal exposure or punishment by working for the Government or setting up others.

Consequently, the Defense believes in the instant case the base offense level should be 11 and the criminal history category should be category I and the appropriate guideline range is 8-14 months.

## V.     RECOMMENDATION

Pursuant to 18 U.S.C. § 3553 (a) there are numerous factors that would warrant a variance and imposition of a non-guideline sentence based upon the history and characteristics of Defendant. Specifically, the Defendant has never been incarcerated, has no history of substance abuse and was recently diagnosed with prostate cancer. Additionally, the Defendant experienced food insecurity as a child and witnessed domestic violence occur on several occasions in his youth. Although, a sentence below suggested sentencing guidelines may be warranted, Defendant is requesting a sentence that falls within said guidelines. The Defense respectfully request the following sentence: 2 years probation, as a special condition of probation Defendant will complete 8 month of home detention. In Light of Mr. Weaver lack of criminal record, excellent work history, age and health condition said sentence is fair, reasonable, and firm.

        Respectfully submitted:

        **RUDMAN & SMITH, LLC**

        By:*/s/ Timothy J. Smith*
        Timothy J. Smith, #48655(MO)
        2611 South Big Bend Blvd.
        St. Louis, Missouri 63143
        T: 314-645-7246
        F: 314-645-4156
        E: tjsmith@rudmansmithlaw.com
        *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 9th day of January 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Federal Court's electronic filing system upon the Office of the United States Attorney, [111 South 10th Street, St. Louis, MO 63102.] [555 Independence Street, Cape Girardeau, MO 63703.]

                                                    /s/   Timothy J. Smith